UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JON L. RUIZ,

      Plaintiff,

v.

ARC MANAGEMENT GROUP, LLC,
and EQUIFAX INFORMATION SERVICES, LLC,

      Defendants.
_____/

CASE NO 8:23-cv-02738

JURY TRIAL DEMANDED

## COMPLAINT

NOW comes JON L. RUIZ ("Plaintiff"), by and through the undersigned, complaining as to the conduct of ARC MANAGEMENT GROUP, LLC ("ARC") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

4. Joinder of Plaintiff's claims against Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions and occurrences, and common questions of law and fact will arise in the action.

**PARTIES**

5. Plaintiff is a natural person over 18 years-of-age residing in Haines City, Florida, which falls within the Middle District of Florida.

6. ARC is a third party debt collector that routinely collects or attempts to collect debts from consumers across the country, including the state of Florida. In connection with its collection efforts and general course of business, ARC is a furnisher of credit information to the major credit reporting agencies, including Equifax. ARC is a limited liability company organized under the laws of the state of

Georgia who maintains its principal place of business at 1825 Barrett Lakes Boulevard, Suite 500, Kennesaw, Georgia.

7. Equifax is regularly engaged in the business of assembling and evaluating information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties inquiring about a consumer's credit worthiness, credit standing, and credit capacity for consumers across the country, including those in the state of California. Defendant is a limited liability company organized and existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

## FACTS SUPPORTING CAUSE OF ACTION

8. Several months ago, Plaintiff noticed an alleged medical debt ("subject debt") being reported on his credit reports by ARC as being in default and in collections with a past due balance.

9. Plaintiff did not recognize the subject debt and subsequently contacted ARC to discuss the reporting, providing his social security number and requesting information about the debt to determine whether it was something he needed to address.

10. ARC could not locate any account associated with Plaintiff's social security number.

11. Upon information and belief, the subject debt reporting on Plaintiff's credit report is owed by Plaintiff's brother, Jon R. Santos who, while having a similar name as Plaintiff, is not Plaintiff.

12. As a result, Plaintiff initiated several credit disputes with Equifax, including around May, June, and August of 2023 disputing the debt as belonging to him, further providing sufficient information to confirm the veracity of Plaintiff's claims.

13. Upon information and belief, ARC received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Equifax. *See* 15 U.S. Code § 1681i(a)(2).

14. In response to each of Plaintiff's disputes, Equifax confirmed the accuracy of the reporting and that the subject debt belonged to Plaintiff, despite the clarity with which such information was inaccurate.

15. Any reasonable investigation on the part of Defendants would have revealed that the subject debt did not belong to Plaintiff.

16. As such, rather than conduct a reasonable investigation into Plaintiff's dispute and engage in their statutorily required investigative steps, Defendants simply continued to report and confirm the accuracy of the inaccurate trade line.

17. As such, despite having actual knowledge that the subject debt was being reported inaccurately after receiving Plaintiff's disputes, Defendants continued to

report the subject debt with the negative information that should have been removed from Plaintiff's credit report.

18. The reporting of the ARC trade line is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

19. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and thus a high-risk consumer.

20. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

21. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

22. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST ARC)

23. Plaintiff restates and reallages paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

25. ARC is a "person" as defined by 15 U.S.C. §1681a(b).

26. ARC is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

27. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

28. ARC violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

29. ARC violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff, pursuant to 15 U.S.C. §1681i(a)(2).

30. Had ARC reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate designation of the subject account and saw that it was removed from Plaintiff's credit report. Instead, ARC wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation in response to Plaintiff's multiple disputes.

31. ARC violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

32. ARC violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

33. ARC violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

34. ARC failed to conduct a reasonable investigation of its reporting of the subject account or delete the inaccurate information from Plaintiff's Equifax credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

35. Despite the blatantly obvious errors in Plaintiff's Equifax credit files and Plaintiff's efforts to correct the errors, ARC did not correct the errors or trade line to report accurately. Instead, ARC wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

36. A reasonable investigation by ARC would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit files.

37. Had ARC taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

38. By deviating from the standards established by the debt collection industry and the FCRA, ARC acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

WHEREFORE, Plaintiff, JON L. RUIZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing ARC to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

39. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

40. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

41. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

42. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

43. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

44. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

45. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

46. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

47. Plaintiff provided Equifax with all relevant information in his multiple requests for investigation to reflect that the subject debt was being reported inaccurately and did not belong to Plaintiff.

48. Equifax failed to reasonably investigate in response to such disputes. Despite the clear nature of the inaccurate reporting, Equifax nevertheless advised as to the accuracy of the reporting and confirmed that the debt belonged to Plaintiff. Further, Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information regarding Plaintiff.

49. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

50. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

51. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to ARC. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to ARC regarding Plaintiff's dispute that Equifax received from Plaintiff.

52. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

53. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

54. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from ARC that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

55. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the ARC trade line as in collections and with a balance due would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

56. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

57. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

58. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

59. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

60. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

61. Equifax acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff repeatedly put Equifax on notice that the debt did not belong to Plaintiff.

62. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

63. As stated above, Plaintiff was severely harmed by Equifax's conduct.

WHEREFORE, Plaintiff, JON L. RUIZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

 c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

 d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

 e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

 f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

 g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: November 30, 2023       Respectfully submitted,

                  /s/ Alexander J. Taylor
                  Alexander J. Taylor, Esq.
                  *Counsel for Plaintiff*
                  Sulaiman Law Group, Ltd
                  2500 S Highland Ave, Ste. 200
                  Lombard, IL 60148
                  Telephone: (630) 575-8181
                  ataylor@sulaimanlaw.com